Filed 8/18/23  In re H.R. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re H.R., a Person Coming Under the Juvenile Court Law. | B318418 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.R.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 21CCJP05023A |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jean M. Nelson, Judge.  Appeal dismissed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jane E. Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

————————————

Mother T.R. challenges the juvenile court's jurisdictional findings and dispositional order removing her daughter H.R. from her custody. During the pendency of her appeal, the juvenile court terminated dependency jurisdiction over H.R. and released her to mother. We decline to exercise our discretion to address mother's challenge to the jurisdictional findings and removal order and dismiss the appeal.

## BACKGROUND

The Los Angeles County Department of Children and Family Services (Department) alleged H.R., then four years old, came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivisions (a) (serious physical harm) and (b)(1) (failure to protect). (Further statutory references are to that Code.) Both counts were based on a violent altercation between mother and her male companion in H.R.'s presence. The altercation involved mother throwing glass-encased candles at the male companion; mother chasing the male companion in her vehicle, with H.R. inside, at 90 miles per hour, rear-ending his vehicle and repeatedly using her vehicle door to bang on the male companion's door; and more, resulting in her arrest on several charges, including child endangerment.

On January 26, 2022, the juvenile court found the allegations true (with minor amendments); removed H.R. from mother's custody; and made various orders for visitation, anger management and counseling programs for mother, and age appropriate therapy for H.R. (H.R. was removed from the father's custody as well, but the father's whereabouts were unknown.)

Mother filed a timely appeal.

In July 2023, the trial court found the conditions that justified jurisdiction under section 300 no longer existed, and terminated jurisdiction with sole legal and physical custody to mother. (We take judicial notice, as mother requests, of the juvenile court's July 27, 2022 minute order finding mother's progress was partial and continued jurisdiction was necessary; the January 3, 2023 minute order returning the child to mother's custody; and the July 6, 2023 juvenile custody order terminating jurisdiction.)

We sent a Government Code letter advising the parties we intended to dismiss the appeal as moot unless they establish dismissal is not proper. The Department does not oppose dismissal of the appeal. Mother filed a letter brief contending we should exercise our discretion and reach the merits of mother's challenge to the jurisdictional findings.

Following the principles described in *In re D.P.* (2023) 14 Cal.5th 266 (*D.P.*), we conclude mother's appeal is moot, and we decline to exercise our discretion to decide the appeal.

## DISCUSSION

"[W]hen a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required. When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*D.P., supra,* 14 Cal.5th at p. 283.)

Here, mother's jurisdictional challenge is moot, and mother makes no serious contention otherwise. The juvenile court terminated jurisdiction over H.R. with an order giving mother full legal and physical custody. Therefore, the jurisdictional findings have not formed the basis for any order that is now

3

adversely affecting or curtailing mother's rights.  (See *D.P.*, *supra*, 14 Cal.5th at pp. 277–278 [case is not moot where jurisdictional finding affects custody rights, curtails contact with child, or has resulted in dispositional orders that continue to adversely affect a parent].)  As in *D.P.*, mother "has not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings." (*Id.* at p. 273.)

However, "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P.*, *supra*, 14 Cal.5th at p. 282.)  In *D.P.,* the Supreme Court discussed a nonexhaustive list of factors for assessing whether a court should exercise discretionary review of a moot appeal.  (*Id.* at pp. 285–287.)

First, a court may consider "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction." ' "  (*D.P., supra,* 14 Cal.5th at p. 285 [citing as examples instances where jurisdictional findings influence the child protective agency's decision to file a new dependency petition or a juvenile court's actions in a subsequent dependency proceeding].)

Second, the exercise of discretionary review "may also be informed by whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct."  (*D.P., supra,* 14 Cal.5th at pp. 285–286; *id.* at p. 286 ["[t]hough stigma alone will not sustain an appeal, a court may consider the nature of the allegations" when deciding whether discretionary review is

proper; "[t]he more egregious the findings against the parent, the greater the parent's interest in challenging such findings"].)

Third, a court may consider why the case became moot, including whether the case became moot due to prompt compliance by parents with their case plan. (*D.P., supra,* 14 Cal.5th at p. 286 ["It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders."].)

Mother cites the first factor, arguing discretionary review is appropriate because the jurisdictional findings "could impact future family law proceedings, especially given [H.R.'s] young age of six." According to mother, the father—whose whereabouts were unknown—could come forward in the future and seek modification of the custody orders, and "arguably could demonstrate a significant change of circumstances by the mere fact that his whereabouts were known," at which time mother "could be saddled with improper jurisdictional findings" that "potentially could curtail mother's contact with [H.R.]" in future family court custody determinations.

While many things in life "could" happen, the scenario mother poses concerning what a father whose whereabouts are unknown might do if he were to come forward is pure speculation. Mother has not identified, and we do not see, any meaningful prejudice or potential consequences we would dispel by reaching the merits of her moot appeal.

Mother does not mention the second factor, and rightly so; the conduct giving rise to jurisdiction was not particularly pernicious, stigmatizing, or egregious. While dependency jurisdiction necessarily involves conduct harmful to children, our

assessment of severity or perniciousness is a relative analysis. Here, mother's one-time violent altercation with her male companion in the child's presence is certainly quite serious, but we do not consider it so egregious as to merit review. (See *D.P.*, *supra*, 14 Cal.5th at p. 286; compare with *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452 [exercising discretion to conduct merits review because findings that the mother "exposed her children to a substantial risk of physical and sexual abuse are pernicious"].)

Mother also relies on the third factor, pointing out the case became moot due to mother's prompt compliance with her case plan. (H.R. was removed from mother's custody on January 26, 2022, and returned to her custody on January 3, 2023.) While prompt compliance may favor discretionary review (*D.P.*, *supra*, 14 Cal.5th at p. 286), no single factor is dispositive (*ibid.*).

*D.P.* instructs us to consider all relevant factors, the totality of the evidence, and the overarching goal of the dependency system to safeguard children, with a focus on preserving the family and the child's well-being. (*D.P.*, *supra*, 14 Cal.5th at p. 286.) Having examined and balanced the pertinent considerations, we decline to exercise our discretion to consider the merits of mother's moot appeal.

## DISPOSITION

The appeal is dismissed.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.        VIRAMONTES, J.


6